# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40728
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2014

Lyle W. Cayce
Clerk

JOSEPH C. PAEZ,

Plaintiff - Appellant

v.

VADIM GELBOYM, AMROS SOLUTIONS, INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CV-564

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant, Joseph C. Paez, filed suit against Vadim Gelboym and Amros Solutions, Incorporated (collectively, "defendants"), alleging personal injuries and property damage resulting from a motor vehicle accident in August 2010. Paez was driving his automobile and pulling a recreational boat when he was struck from behind by a tractor-trailer owned by Amros and operated by Gelboym.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40728

The case was tried to a jury, which apportioned 15 percent of the responsibility for the accident to Paez and 85 percent to Gelboym. The jury awarded Paez $15,000 for past physical pain and mental anguish, $15,000 for future physical impairment, $5,000 for past medical expenses, and $15,000 for property damage to Paez's automobile and boat. The jury found that Paez was not entitled to any damages for future physical pain and mental anguish, past and future loss of earning capacity, past physical impairment, and future medical expenses.

The district court granted in part and denied in part the defendants' renewed motion for judgment as a matter of law. It held that the evidence was legally insufficient to support the jury's awards of $5,000 for past medical expenses and $15,000 for future physical impairment. Although Paez was represented by counsel at trial, he is representing himself on appeal.

Judgment as a matter of law is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a). We review a judgment as a matter of law de novo, applying the same standard that the district court applied. *E.E.O.C. v. Boh Bros. Const. Co.,* 731 F.3d 444, 451 (5th Cir. 2013) (en banc). Under that standard, the jury's verdict is given great deference, all reasonable inferences from the evidence are drawn in favor of the non-moving party, and the court may not make credibility determinations or weigh evidence. *Id.* at 452.

The district court did not err by granting judgment as a matter of law to the defendants with respect to the jury's awards for past medical expenses and future physical impairment. The district court held that Paez failed to provide any evidence to show a causal connection between his past medical expenses and the collision. The court noted that Paez did not seek medical attention immediately after the accident. He spent the night in a hotel and flew to

2

No. 13-40728

Chicago the next day, where he sought medical attention by going to a hospital for testing. However, he did not present any evidence of the medical expenses that he incurred for that visit and testing. The district court held that the defendants were entitled to judgment as a matter of law with respect to the award of damages for future physical impairment because Paez did not present any medical testimony to show a reasonable medical probability that there was a causal connection between the collision and future physical impairment. Paez has not directed us to any evidence in the record[1] to support the jury's finding of a causal connection between the accident and his past medical expenses and future physical impairment. In the absence of a legally sufficient evidentiary basis for a reasonable jury to award damages for past medical expenses and future physical impairment, we have no basis upon which to reverse the district court's rulings.[2]

Paez also argues that, if the evidence of his damages was not adequately presented, it was because he was not adequately represented at trial. He therefore contends that he is entitled to a new trial. As we have noted, Paez was represented by counsel at trial. His allegations that the representation was inadequate are not grounds for a new trial.[3]

The judgment of the district court is

---

[1] We do not consider evidence that was not presented to the jury.

[2] Paez's motion to obtain a transcript at government expense is DENIED. We note that both the district court and this court denied Paez's motions for leave to proceed in forma pauperis (IFP) on appeal because he failed to assert a nonfrivolous issue for appeal. In requesting a transcript at government expense, Paez relies on the same evidence he submitted in support of his IFP motion. In support of his argument that the district court erred in granting judgment as a matter of law, Paez relies on evidence that was not presented at trial. He therefore has not shown a particularized need for a transcript or that he presents a substantial question on appeal. *See* 28 U.S.C. § 753(f).

[3] To the extent that Paez's reference to "review of mistrial by misrepresentation of evidence and testimony" is an argument that he should have been granted a mistrial, he failed to preserve the issue by moving for a mistrial.

No. 13-40728

AFFIRMED.[4]

---

[4] Paez's motions to file a supplemental brief, to supplement the record on appeal with miscellaneous documents, and to view sealed documents are DENIED.